UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KEYRON JACKSON,

                                       Plaintiff,

                                  v.                                  9:09-CV-249
                                                                              (FJS/RFT)

JAMES A. BAKER, Sergeant, Clinton Correctional
Facility; JACK T. JOHNSON, Correction Officer,
Clinton Correctional Facility; JUSTIN D. DELISLE,
Correction Officer, Clinton Correctional Facility;
ROBERT M. ASHLEY, Correction Officer, Clinton
Correctional Facility; TODD A. GRIFFIN, Correction
Officer, Clinton Correctional Facility; E. WARNER,
Correction Officer, Clinton Correctional Facility;
S. EDWARDS, Correction Officer, Clinton Correctional
Facility; and J. REIF, Correction Officer, Clinton
Correctional Facility,

                                       Defendants.

---

**APPEARANCES**                                   **OF COUNSEL**

**KEYRON JACKSON**
**02-A-5149**
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **CHRISTOPHER W. HALL, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

In his complaint, Plaintiff alleged that Defendants violated his Eighth Amendment rights when they assaulted him and that Sergeant Baker failed to protect him from the attack. On January 4, 2010, Defendants moved for summary judgment on the ground that Plaintiff had failed to exhaust all available administrative remedies as the Prisoner Litigation Reform Act of 1996 ("PLRA") requires. *See* Dkt. No. 36, Defendants' Memorandum of Law, at 3. Plaintiff opposed this motion. *See* Dkt. No. 39. On August 19, 2010, Magistrate Judge Treece issued a Report-Recommendation and Order, in which he recommended that the Court deny Defendants' motion and deem this case ready for trial. *See* Dkt. No. 41 at 2. On September 9, 2010, Defendants filed objections to Magistrate Judge Treece's recommendation. *See* Dkt. No. 44.

**II. BACKGROUND[1]**

This case arises out of events that occurred while Plaintiff was incarcerated at Clinton Correctional Facility. On December 4, 2008, Plaintiff was involved in an altercation with other inmates and officers. He alleges that, while he was in the north yard of the prison, another inmate slashed his cheek from behind. Plaintiff responded by rushing a group of inmates, and they began fighting. As officers entered the yard, Plaintiff attempted to throw a garbage can at the group of inmates but slipped and fell. When Plaintiff stood up, the officers handcuffed him behind his back and proceeded to hit him with a baton on his legs. While Plaintiff was on the

---

[1] The Court has relied on Magistrate Judge Treece's recitation of the facts to which the parties have not raised any objections.

ground, Defendant Ashley yelled at him because he believed Plaintiff intended to throw the garbage can at him. After approximately two minutes on the ground, Plaintiff stood up; and five or six officers escorted him into the prison. The officers continued to attack him during this walk. Defendant Ashley then choked and verbally threatened Plaintiff. The officers then pushed Plaintiff's face into the wall, causing a gash to his right eyelid. The officer choked Plaintiff until he fainted and fell to the ground; and, when he finally regained consciousness, the officers proceeded to punch and kick him in the body and head. The officers then pulled Plaintiff to a standing position and punched him several more times. All of the Defendants participated in the assault; and, during the entire assault, Plaintiff said nothing.

Eventually, the officers escorted Plaintiff to the infirmary and placed him in an examination room. At that point, the officers ordered the nurses out of the room and proceeded to beat Plaintiff while he stood up against a wall. The escorting officers continued to punch Plaintiff in the head, pull his hair, push his face into the wall and curse him. In the meantime, other officers entered the room and joined in assaulting Plaintiff. The officers then forced Plaintiff to the floor, ripped his clothes off, and began stepping on him. When the beatings ended, Plaintiff realized that supervisors were present in the room, including Sergeant Baker, who Plaintiff believes was the only supervisor who actively participated in the beatings. Plaintiff was eventually examined, and a use-of-force medical report was completed. The report described the extent of Plaintiff's injuries as a laceration on his left cheek and upper eyelid and a superficial abrasion to the left forehead. Plaintiff also contended that he had bruising on his leg. As a result of these injuries, Plaintiff commenced this lawsuit.

### III. DISCUSSION

A.   **Standard of review**

When a party files timely objections to a magistrate judge's report-recommendation, the district court must review *de novo* those portions of the report or specified proposed findings or recommendations to which objections are made. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994) (quotation and other citation omitted); *see also* 28 U.S.C. § 636(b)(1). After completing its review, the court may accept, reject, or modify, in whole or in part, any findings and recommendations that the magistrate judge made. *See DeLuca*, 858 F. Supp. at 1345.

Summary judgment is only appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of demonstrating that no material fact exists. *See Croswell v. McCoy*, No. 9:01-CV-00547, 2003 WL 962534, *2 (N.D.N.Y. Mar. 11, 2003) (quotation and other citation omitted). To defeat a motion for summary judgment, the non-moving party must "'set forth specific facts showing that there is a genuine issue for trial'" and cannot rely solely on allegations or denials of facts that the moving party submitted. *Id.* (quotation omitted). In resolving a motion for summary judgment, the court must draw all reasonable inferences and ambiguities in favor of the non-moving party, *see id.*; and, when a party is proceeding *pro se*, the court must "view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers[,]'" *id.* at *3 (quotation and other citations omitted).

B.   **Exhaustion of administrative remedies**

Pursuant to the PLRA, a prisoner is required to exhaust all available administrative

remedies prior to bringing a civil rights action in federal court. *See* 42 U.S.C. § 1997e(a). In New York, this process consists of three steps, beginning with the submission of a grievance to the Inmate Grievance Review Committee ("IGRC") within twenty-one days of the incident. *See McQuilkin v. Cent. N.Y. Psychiatric Ctr.*, No. 9:08-CV-00975, 2010 WL 3765847, *8 (N.D.N.Y. Aug. 27, 2010) (citation omitted). If the inmate is unhappy with the IGRC's response, he has twenty days to file an appeal with the superintendent of the facility. *See id.* (citation omitted). Finally, if the inmate is not satisfied with the superintendent's response, he may appeal to the Central Office Review Committee ("CORC"). *See id.* Failure to exhaust all available administrative remedies is an affirmative defense that the defendants must plead and on which they bear the burden of proof. *See Gonzalez v. Office in Charge of Barber Shop on Duty*, No. 99 Civ. 3445(DLC), 2000 WL 274184, *3 (S.D.N.Y. Mar. 13, 2000).

Courts apply a three-step inquiry when a defendant raises the affirmative defense that the plaintiff failed to exhaust all available administrative remedies prior to filing his federal complaint. First, the court must determine whether administrative remedies were in fact "available" to the plaintiff. *See Abney v. McGinnis*, 380 F.3d 663, 667-68 (2d Cir. 2004). Next, the court must decide whether the defendants have forfeited their right to rely on this defense by failing to raise or preserve it or whether they may be estopped from raising this defense if their own actions inhibited the plaintiff's ability to exhaust all the available remedies. *See Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004). Lastly, the court must consider whether any special circumstances justify a plaintiff's apparent failure to exhaust. *See Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004). An exception to this exhaustion requirement exists when the plaintiff has made all reasonable attempts to exhaust administrative remedies, particularly where

he alleges that the defendants somehow impeded or prevented his efforts to exhaust. *See O'Connor v. Featherston*, No. 01 CIV. 3251(HB), 2002 WL 818085, *2 (S.D.N.Y. Apr. 29, 2002) (citations omitted).

In his Report-Recommendation and Order, Magistrate Judge Treece concluded that, although "technically administrative remedies were available to Plaintiff," *see* Dkt. No. 41 at 10, there was a question of material fact regarding "whether administrative remedies were [in fact] available to Plaintiff and whether Defendants should be estopped from raising this defense based on their own actions or based upon Plaintiff's reasonable attempts to grieve this matter," *see id.* at 12 (footnote omitted) . In reviewing the parties' submissions, Magistrate Judge Treece concluded that the affidavit of Tara Brousseau, the Inmate Grievance Program Supervisor at Clinton Correctional Facility, which Defendants submitted to demonstrate that Plaintiff had failed to exhaust his administrative remedies, was conclusory and, therefore, did not clearly establish Plaintiff's failure to exhaust. *See id.* at 12 (citing *Thomas v. New York State Dep't of Corr. Servs.*, No. 00 CIV 7163 (NRB), 2002 WL 31164546, at *3 (S.D.N.Y. Sept. 30, 2002)). Specifically, Magistrate Judge Treece noted that, in her affidavit, Ms. Brousseau did not adequately describe how she conducted her search or whether she searched beyond her computer records. *See id.*

In their objections to Magistrate Judge Treece's recommendation, Defendants asserted that Magistrate Judge Treece had mistakenly relied on *Thomas* to find that Ms. Brousseau's affidavit was insufficient because that case was factually distinguishable. *See* Dkt. No. 44 at 1 (citing *Thomas*, 2002 WL 31164546, at *3). Furthermore, Defendants argued that Ms. Brousseau's affidavit was sufficiently detailed and clearly established that Plaintiff had failed to

exhaust his administrative remedies. *See id.* (citing 7 N.Y.C.R.R. § 701.6(k)(3)). Defendants contended that Ms. Brousseau's affidavit was based on personal knowledge and that it was unnecessary for her to specify how long grievance records were maintained because regulations specified the time frame. *See id.* at 2. In addition, Ms. Brousseau stated that she had checked the computer database, which listed all the grievances Plaintiff had filed in 2008 and 2009, and had found only one grievance letter that Plaintiff had written on December 10, 2008, in which he made no mention of the incident at issue in this case. *See id.* at 3. Defendants further claimed that Ms. Brousseau had conducted the same review process in an attempt to locate the letters Plaintiff claimed to have submitted demonstrating that he had exhausted all of his administrative remedies and had been unable to locate those letters. *See id.* at 3-4.

Finally, Defendants contended that Magistrate Judge Treece erred by crediting Plaintiff's "conclusory and unsupported" allegation that his letters were not properly delivered because Defendants tampered with his mail. *See id.* at 5. Defendants argued that, because Plaintiff had not submitted any evidence to support his claim, it was unnecessary for them to submit an affidavit responding to that claim. *See id.* at 5-6. Thus, Defendants asserted that Magistrate Judge Treece had mistakenly treated their lack of response as support for Plaintiff's accusation.

The Court has reviewed Ms. Brousseau's affidavit and agrees with Magistrate Judge Treece that, at least in some respects, her affidavit is conclusory. Furthermore, even if the Court were to find that Ms. Brousseau's affidavit was not conclusory, that would not change the fact that Plaintiff has submitted sufficient admissible evidence to establish an issue of fact regarding whether Defendants' conduct frustrated his efforts to exhaust his administrative remedies.

Specifically, Plaintiff asserts that Defendants tampered with his mail in an effort to

conceal the assault in question. *See* Affidavit of Keyron Jackson ("Jackson Aff.") dated February 18, 2010, at ¶ 4. To support this allegation, Plaintiff submitted evidence to demonstrate that he had exhausted, or at least made every attempt to exhaust, his available administrative remedies, including his initial grievance regarding the incident in question, numerous follow-up letters, and a letter that Plaintiff's fiancee sent inquiring about the status of that grievance. *See id.* at ¶¶ 4-5. Moreover, Plaintiff reasonably concluded that, based on Defendants' alleged lack of response to these letters, Defendants must have tampered with his mail. *See id.* at ¶ 4.

At the summary judgment stage, the court's review is limited to determining if issues of fact exist, not resolving them; and, where the court finds that a factual issue exists, it would be inappropriate for the court to grant summary judgment. *See Croswell*, 2003 WL 962534, at *2. Since both parties have submitted evidence in admissible form to support their respective positions, the Court concludes, as did Magistrate Judge Treece, that genuine issues of material fact exist, thereby precluding summary judgment.

## IV. CONCLUSION

Accordingly, after reviewing the entire file in this matter, the Court hereby

**ORDERS** that Magistrate Judge Treece's August 19, 2010 Report-Recommendation and Order is **ACCEPTED in its entirety**; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion for appointment of trial counsel is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall issue an Order appointing *pro bono* trial counsel and setting a schedule for the filing of pretrial submissions.

**IT IS SO ORDERED.**

Dated: October 24, 2011
       Syracuse, New York

                                           Frederick J. Scullin, Jr.
                                           Senior United States District Court Judge